UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PHILLIP W. RENFRO,                                                                            Plaintiff,

v.                                                                     Civil Action No. 3:22-cv-P227-DJH

PEOPLE OF THE STATE OF KY *et al.*,                                                        Defendants.

* * * * *

## MEMORANDUM

Plaintiff Phillip W. Renfro filed the instant *pro se* action proceeding *in forma pauperis*. This matter is before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF COMPLAINT

Plaintiff is an inmate at the Luther Luckett Correctional Complex (LLCC). He initiated the action by filing a 46-page handwritten complaint. He sues the "People of the State of Kentucky"; Cookie Crews, the Commissioner of the Kentucky Department of Corrections; Todd D. Ferguson, who Plaintiff identifies as the "Attorney General"; Judge Thomas D. Wingate of the Franklin Circuit Court; Larry Cleveland, who he states is "legally responsible for the overall operations of the Commonwealth in Kentucky"; George Sornberger, who he states is an attorney with the Department of Public Advocacy; and Amy Robey, the Warden of LLCC.

Under the heading "Facts," Plaintiff states as follows:

> This Administrative Remedy, to which you are subject and required to answer pursuant to the Administrative Procedure Act, State and Federal, as applicable, comes to you becase you and your office brought the above-referenced case 10-CR-00012, into court (created the constructive trust) on behalf of the State, United States, as applicable, which charged the Cestui Que tRust, thus initiating the constructive trust. A maxin of law states, "Whoever creates the controversy hold liability, and whoever holds liability must provide the remedy."

He asserts, "The intent herein is the discharge of the 'Judgment/Debt,' as well as discharge of the plaintiff/debtor, Phillip W. Renfro, if honorably accepted by you." Plaintiff continues, "If dishonorably rejected, the conclusion is the filing of a title 42 lawsuit, depending on your ability or inability to rebut the statements of fact and allegations contained herein." He further states the following:

> Acknowledgment of Debt: Claimant is acknowledging the debt in regard to the above referenced court case, in whatever amount specified. I Am In Agreement, and there is no controversy regarding the debt regarding the Cestui Que trust. However, the Beneficiary has suffered damages, and also needs reimbursement.
>
> Transfer of property to fiduciary trustee by special Deposit; Whereas the above-noted party, i.e., Phillip W. Renfro has been pledged to the United States by performance bond 10-CR-00012 as surety for the General Service Bonds (GSA) sf 24 bld Bonds, sf 25 Performance Bond and sf 25A Payment Bond which were created and sold by this office in regard to the above referenced public dept contract/Case No. 10-CR-00012, and whereas the Claimant, i.e. Beneficiary, has the right to redeem said bonds, the following bonds are hereby transferred to you, the appointed Fiduciary Trustee, to settle and close this case. . . . You now have the administrative duty to settle and close this case, with or without the bonds, due to the rights violations committed by you and your office against the Claimant, and obtain a court order for immediate release of the property, i.e., the Claimant. You know how to process the bonds because you do it on a regular basis every time you open a new case!
>
> Declaration Of Public Trust: I declare the Declaration of Independence as my trust. I am the Benificiary thereof, and those persons occuping positions of government have a limited Grant of authority, as trustees of the Public trust, as thereof, each and every government act or has a duty and obligation to protect the rights of the Beneficiaries of the trust.
>
> The Declaration of Independence states my rights cannot be deminished, transferred, or aliened.

The complaint continues at length along the same lines. As his prayer for relief, Plaintiff states that he seeks, "A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and law of the United States." He also seeks the following:

>A preliminary and permanent injunction ordering Respondents <u>Attorney General Todd D. Ferguson and Daniel Cameron, Thomas D. Wingate, Attorney Larry W. Cleveland, Attorney George Sornberger</u> to release Plaintiff from his false imprisonment, supervised release, conditional release, and stop stealing Plaintiff's money from all bonds named herein, and the use of Plaintiff's name and SSN without Plaintiff's given consent, and to stop all violations named herein this complaint before this Court! On that basis the contract for imprisonment is void, and Plaintiff must be released!!

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court construes Plaintiff's claims that he is owed a debt under a public trust and that he is therefore entitled to release from incarceration as arguments premised on the "sovereign

citizen" theory. Courts have repeatedly rejected arguments based on "sovereign citizen" theories as frivolous and "a waste of court resources." *Muhammad v. Smith*, No. 3:13-cv-760 MAD/DEP, 2014 U.S. Dist. LEXIS 99990, at *4-8 (N.D.N.Y. July 23, 2014) (rejecting the plaintiff's sovereign citizen arguments as "legally frivolous" and an attempt to "avoid the consequences of his criminal conviction by suggesting he exists as two separate legal entities . . ."). In short, claims premised on "sovereign citizen" theories may be dismissed as patently frivolous without "extended argument." *United States v. Ward*, No. 98-30191, 1999 U.S. App. LEXIS 9255, at *5-6 (9th Cir. May 13, 1999); *see also, e.g.*, *Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) ("Trevino's legal arguments, including that Florida has no jurisdiction over him . . . and that he must be released because Florida breached a security agreement with him, are frivolous."); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous."); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected [the defendants'] theories of individual sovereignty, immunity from prosecution, and their ilk."); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as having no conceivable validity in American law). For these reasons, the Court will dismiss the instant action as frivolous. The Court will enter a separate Order of dismissal consistent with this Memorandum.

Date:

cc: Plaintiff, *pro se*
      Defendants
4415.010